IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARK A. WEAKLEY, | ) | |
| Plaintiff. | ) ) ) | |
| v. | ) ) | Case No.: 3:12-cv-1180 |
| NASHVILLE MACHINE ELEVATOR COMPANY, INC. | ) ) ) | JUDGE TRAUGER MAGISTRATE JUDGE GRIFFIN |
| Defendant. | ) ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
SECOND SUPPLEMENTAL UNDISPUTED MATERIAL FACTS**

Defendant Nashville Machine Elevator Company, Inc. ("Nashville Machine") hereby responds to Plaintiff's Second Supplemental Undisputed Material Facts as follows:

1. On February 23, 2012, Plaintiff's attorney of record, Andy L. Allman, forwarded a letter to the Equal Employment Opportunity Commission advising that his contact information had changed to:

> Andy L. Allman, Esq.
> Allman and Associates
> 103 Bluegrass Commons Blvd.
> Hendersonville, TN  37075
> Telephone:  (615) 824-3761 X203
> Facsimile:   (615) 264-2720
> Email:  andy@andylallman.com

(See attached Exhibit A).

**RESPONSE: Plaintiff's Exhibit A was not produced during discovery and is, therefore, inadmissible pursuant to Federal Rule of Civil Procedure 37(c)(1).  *See* Rule 37(c)(1) which provides in relevant part as follows: "If a party fails to provide information or identify a**

witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or was harmless." Plaintiff's failure to produce Exhibit A was not substantially justified or harmless. Defendant requested all documents related to Plaintiff's EEOC Charge. [*See* Defendant's Request for Production of Documents to Plaintiff No. 11, Dkt. 31-1]. Plaintiff failed to produce Exhibit A during discovery. Instead, Plaintiff improperly waited to produce this document until the filing of this Second Supplement, even though Plaintiff's counsel has known since the early stages of this matter, and certainly at the conclusion of Plaintiff's deposition on September 13, 2013, that the 90 day statutory limit was a significant issue. *See* Answer, Second Affirmative Defense, Dkt. No. 6; Weakley Dep. at 46:17-53:23, Dkt. No. 22-2].

For the foregoing reasons, Plaintiff's Fact Number 1 is not properly supported by admissible evidence. Nashville Machine respectfully requests that Exhibit A, along with this alleged fact, be stricken and not considered by the Court.

In the event that the Court considers Plaintiff's Exhibit A, Nashville Machine refutes any assertion by Plaintiff that this is a material fact. This statement does not refute Mr. Allman's admission that he received the Dismissal and Notice of Rights letter or Plaintiff's counsel's admission during deposition that the Dismissal and Notice of Rights letter was addressed to Plaintiff's counsel, who acted on Plaintiff's behalf. [*See* Declaration of Andy L. Allman ¶ 5, Dkt. No. 33-1; Weakley Dep. at 53:16-23]. Further, this alleged fact does not absolve Mr. Allman of his duty to know when his mail is received by his office. *See Davis-Gilbert v. Alberto Culver Company,* No. 88 C 4014, 1988 WL 121504, at *1 (N.D. Ill. Nov. 4,

**1988) (holding that "[t]he claimant's attorney had a duty to take reasonable steps to ensure the notice was received and on what date it was received."). As previously stated, and wholly ignored by Plaintiff's counsel in this Second Supplement, counsel's negligence in failing to properly date incoming documents should not toll the period of limitations.** *Id.*

2. Plaintiff's counsel, Andy L. Allman, fulfilled his duty to notify the Equal Employment Opportunity Commission of his new address when he opened his office. (See Exhibit A).

**RESPONSE: Please see Nashville Machine's response to Plaintiff's Fact Number 1.**

3. On March 29, 2012, Plaintiff's counsel sent a facsimile on "Andy L. Allman, Attorney at Law" letterhead to the Equal Employment Opportunity Commission requesting Plaintiff's Right-to-Sue letter. (See Exhibit B).

**RESPONSE: Plaintiff's Exhibit B was not produced during discovery and is likewise inadmissible pursuant to Federal Rule of Civil Procedure 37(c)(1). For further response, please see Nashville Machine's response to Plaintiff's Fact Number 1. Accordingly, Nashville Machine respectfully requests that Exhibit B, along with this alleged fact, be stricken and not considered by the Court.**

4. The letter sent on March 29, 2012 to the Equal Employment Opportunity Commission reflects the address "103 Bluegrass Commons Boulevard, Hendersonville, Tennessee 37075." (See Exhibit B).

**RESPONSE: Please see Nashville Machine's response to Plaintiff's Fact Number 3.**

5. Defendant produced a letter it received from the EEOC, Bates No. NMEC 0168 on September 9, 2013, in response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (See Exhibit C).

**RESPONSE: Nashville Machine disputes any assertion by Plaintiff that this is a material fact or that Exhibit C alerted Nashville Machine that Mr. Allman had notified the EEOC of his change of address. As previously established, Mr. Allman failed to provide Exhibit A during discovery. Instead, the first time Nashville Machine had any indication that Mr. Allman notified the EEOC of his change of address is upon the filing of this Second Supplement. To suggest that Nashville Machine was aware of this fact because Mr. Allman's sent a letter to the EEOC on letterhead containing a different address is unpersuasive.**

**Further, this alleged statement misses the point and ignores Nashville Machine's argument that Mr. Allman has a duty to know when his office received the Dismissal and Notice of Rights letter.**

6. Defendant's Bates No. NMEC 0168 is a letter to the Equal Employment Opportunity Commission dated February 6, 2012, from Plaintiff's attorney with the address of "103 Bluegrass Commons Boulevard, Hendersonville, Tennessee 37075" enclosing Plaintiff's Agreement to Mediate, Confidentiality Agreement and Charge of Discrimination. (See Exhibit C).

**RESPONSE: Please see Nashville Machine's response to Fact Number 5.**

Respectfully submitted,


s/ Lawrence S. Eastwood, Jr.
Lawrence S. Eastwood, Jr., BPR No. 017801
Megan M. Sutton, BPR No. 029419
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5600
Facsimile: (615) 744-5767


*Attorneys for Defendant Nashville Machine Elevator Company, Inc.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of January, 2014, the foregoing *Defendant's Response to Plaintiff's Second Supplemental Undisputed Material Facts* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by Regular U.S. Mail. Parties may access this filing through the Court's electronic filing system:

Andy L. Allman
R. Patrick Parker
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075

Attorneys for Plaintiff


s/ Lawrence S. Eastwood, Jr.
Lawrence S. Eastwood, Jr.